UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.     ED CV 12-01763-VBF-AW          Dated:      March 4, 2014

Title:     *Timothy Alan Taylor, Petitioner v. Amy Miller (Warden), Respondent*

PRESENT:     HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| N/A | N/A |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR APPELLANT | ATTORNEYS PRESENT FOR APPELLEES |
|---|---|
| N/A | N/A |

**PROCEEDINGS (IN CHAMBERS):     ORDER**     (1)     **Adopting the R&R in Part;**
                                                (2)     **Declining to Adopt the R&R in Part;**
                                                (3)     **Denying the Habeas Corpus Petition;**
                                                (4)     **Denying a Certificate of Appealability**

This is a state prisoner's habeas action under 28 U.S.C. § 2254. Petitioner claims first that his trial counsel rendered ineffective assistance by failing to request a jury instruction regarding the use of codefendant's guilty plea as evidence of petitioner's guilt. Second, petitioner claims that the evidence presented at trial was insufficient to support his conviction for first-degree burglary. Third, petitioner claims that the Aiding-and-Abetting Instruction (CALCRIM 401) violated his federal constitutional right to due process by leading the jurors to believe that they could disregard CALCRIM 335. The Magistrate Judge has issued a well-reasoned Report and Recommendation recommending that all three claims in the petition be denied for lack of merit. For the reasons which follow, the Court will adopt the R&R in part as clarified, decline to adopt the R&R in part, and deny all claims for lack of merit. As recommended, the Court will deny a certificate of appealability. Finally, as required by Rule 58(a)(1), the Court will direct entry of judgment by separate document.

MINUTES FORM 90                                              Initials of Deputy Clerk     jmb
CIVIL - GEN

ABBREVIATED BACKGROUND AND PROCEDURAL HISTORY

Lisa Matus and Erika Gonzalez were neighbors, as their apartments were both on the first floor and their doors faced each other. On October 27, 2008, petitioner and two women (Abieselom and Delatorre) came to Gonzales's apartment in Abieselom's car. Gonzales was meeting petitioner for the first time. Gonzales and her guests drank alcohol, smoked marijuana, and used methamphetamine in a garage nearby. **Abieselom testified** that she heard petitioner and Delatorre discussing whether Gonzales had money. Abieselom further testified that all four of them (petitioner, Gonzales, and the two other women) went to a store at 8:30 p.m. and dropped off Gonzales at her apartment and Abieselom at home, and Abieselom did not see petitioner until the next day. **By contrast, Delatorre testified that** she and petitioner went on a drug run, then returned to the garage to find Gonzales gone. Delatorre and Abieselom left to get gas while petitioner stayed to look for Gonzales. Delatorre further testified that when she and Abieselom returned to the garage, petitioner approached them with a brown purse, which he claimed he had found by the other garages. Petitioner asked to drive Abieselom's car and then drove the group near an abandoned house, where petitioner and Delatorre rummaged through the purse, with petitioner keeping the ID, throwing away some of the purse's contents, and giving the wallet to Delatorre.

**Victim Matus testified that** she went to bed between midnight and 12:30 a.m. in the apartment she shared with her husband and children, making sure the front and patio doors were locked. Matus awoke at 6:30 a.m., saw nothing missing, took her children to school at 7 a.m., and came home to find the patio door wide open, front door unlocked, and "security door" open. She called her husband to say that someone had broken in but did not call the police because nothing seemed to be missing. At 10 a.m., Delatorre and petitioner returned to Gonzales's garage, where Gonzales saw that Delatorre had a pink wallet and an ID that appeared to belong to Matus. Later that day, Matus noticed her purse missing, whereupon she called the police and then told Gonzales that someone had broken into her apartment overnight while she was there with her children.

**Gonzales told police officer Dobbs that** Delatorre possessed a pink wallet like the one Matus reported missing from her apartment. Later that night, petitioner returned to Gonzales's garage with Delatorre and Abieselom, and Gonzales called Dobbs. When Delatorre and petitioner saw a police car, they threw a pink wallet in the bushes. **Delatorre told Dobbs that** petitioner had intended to enter Gonzales's apartment but mistakenly entered Matus's apartment through the patio door and taken Matus's wallet, and she (Delatorre)

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk ___jmb___

discarded the purse (never recovered). Delatorre pointed officer Dobbs to the location of the pink wallet in the bushes, and she was in possession of a medical pill bottle that belonged to Matus. At trial, the jury heard testimony that Delatorre had agreed to plead guilty to burglary and testify truthfully at trial, and that in return, she was also allowed to plead guilty to robbery rather than burglary in a separate case. The jury also heard that Delatorre was on probation for possession of an illegal drug. **Abieselom told Dobbs** she had overheard petitioner and Delatorre planning to burglarize Gonzales's residence and that petitioner told her the next day that he had taken a purse from Gonzales. In a later video-recorded interview, Abieselom told Dobbs she had been sleeping in the car when petitioner burglarized Matus's apartment, that petitioner had said Gonzales owed him money, and that petitioner had been angry when he realized the purse belonged to Matus rather than Gonzales.

The jury convicted petitioner of first-degree residential burglary and found that a person was present in the residence when he committed the offense. The judge found petitioner had previously been convicted of first-degree residential burglary, and sentenced him to 17 years in prison. Petitioner appealed, asserting that his attorney rendered ineffective assistance in connection with prejudicial jury instructions, and that there was insufficient corroborating evidence presented to support his conviction for first-degree residential burglary. The California Court of Appeal affirmed. *See People v. Taylor*, No. E052161, 2011 WL 3812568 (Cal. App. Aug. 30, 2011). **As to the ineffective-assistance claim, the Court of Appeal panel wrote as follows:**

> Defendant argues the jury should have been instructed that Delatorre's guilty plea was not substantive evidence of defendant's guilt and that the omission constituted ineffective assistance of counsel. The People respond that no prejudice occurred because of the overwhelming evidence of defendant's guilt.
>
> Defendant relies on a federal case, *United States v. Halbert* (9th Cir. 1981) 640 F.2d 1000, 1007, which is not binding on this court. The two California cases cited by defendant are distinguishable. The courts held that evidence of the codefendants' guilty pleas operated prejudicially to establish guilt by inference, implication, or association.
>
> Here the evidence of defendant's guilt was not inferred, implied or by association. Delatorre testified directly at trial and in a videotaped statement to the circumstances of the burglary. While she and Abieselom were absent, defendant entered Matus's apartment through the sliding glass door and stole her purse. The defendant and Delatorre rummaged through the purse and Delatorre took the wallet. Other trial testimony and statements by Abieselom and Gonzalez and defendant's own admissions also corroborated Delatorre's testimony and statements.

Additionally, Delatorre's guilty plea was relevant on the issue of her credibility. The jury was warned by defense counsel that Delatorre had a strong motive to lie and to implicate defendant to avoid a prison term. Furthermore, the trial court instructed the jury, based on CALCRIM No. 335[,] that accomplice testimony inculpating a defendant should be viewed with caution. We presume the jury followed its instructions.

In view of the foregoing, it is not reasonably probable [that] a cautionary instruction would have caused a different outcome for defendant. Therefore, any error was not prejudicial and the absence of a cautionary instruction did not constitute ineffective assistance of counsel.

*Taylor*, 2011 WL 3812568 at *2-*3 (last paragraph break added) (California citations omitted).

**As to the insufficient-evidence claim, the California Court of Appeal wrote as follows:**

[D]efendant argues that insufficient evidence corroborated the testimony of two accomplices, Delatorre and Abieselom. This argument is partly based on the mistaken premise that Abieselom was an accomplice.

An accomplice is on who is liable for prosecution for the same offense as defendant.. An accomplice knowingly aids or promotes the commission of the target crime. Mere presence at the crime scene or the failure to prevent a crime does not make the person an accomplice. Abieselom did not act as an accomplice.

Abieselom testified that she accompanied defendant and Delatorre to Gonzalez's residence until they drove her home. Abieselom did not know about defendant's plan to burglarize Matus [sic, should be "plan to burglarize *Gonzalez*", as there is no evidence that defendant planned to burglarize Matus] and she did not witness his participation in that crime. Abieselom told Officer Dobbs she overheard defendant and Delatorre discuss burglarizing Gonzales, not Matus, and defendant told her the next day that he had taken Gonzalez's purse.

Everyone interviewed by Dobbs said Abieselom had "nothing to do" with the burglary. Even Delatorre in her testimony said that, when defendant approached her and Abieselom, he claimed he found the purse near the garages, not that he had burglarized Matus or Gonzalez.

There was simply no evidence that Abieselom knowingly aided or promoted defendant's burglary of Matus. Although defendant drove her car before and after the burglary, Abieselom did not facilitate or participate in the burglary. She was not even present when defendant apparently entered Matus's apartment and took the purse.

**With respect to Delatorre, the evidence sufficiently corroborated her testimony.** [D]efendant was present at the scene of the crime and, according to Abieselom, he discussed

MINUTES FORM 90                                                         Initials of Deputy Clerk ___jmb___
CIVIL - GEN

> burglarizing Gonzalez's apartment and admitted taking a purse. This evidence tends to connect the defendant with the crime in such a way as to satisfy the jury that the accomplice [Delatorre] is telling the truth. Defendant's presence at the scene of a crime, in conjunction with other evidence, sufficiently established corroboration.
>
> Abieselom was not an accomplice and Delatorre's testimony was corroborated by sufficient evidence. We reject defendant's claim on this issue.

*Taylor*, 2011 WL 3812568 at \*3-\*4 (California citations and internal quote marks omitted) (boldface added).

**Finally, the Court of Appeal rejected petitioner's claim that the trial court erred in giving CALCRIM 401, the aiding-and-abetting instruction.** Petitioner argued that there was no substantial evidence that Delatorre burglarized Matus's apartment and it was prejudicial to give the instruction because it lessened the prosecution's burden by allowing the jury to disregard another instruction (CALCRIM 335) which directed them to view accomplice Delatorre's testimony with caution, *see Taylor*, 2011 WL 3812568 at \*4. Citing only California law, the Court of Appeal agreed with the trial court that it had a duty to deliver CALCRIM 401 because there was evidence from which the jury could reasonably conclude that Delatorre was the direct perpetrator and petitioner was the aider and abettor: there was a close association between petitioner and Delatorre, they shared a motive and opportunity, and Delatorre was the person in possession of the purse and the wallet, not petitioner, *see id*. The panel noted state precedent holding that one cannot be convicted as an aider and abetter without proof of the predicate offense. But the panel rejected petitioner's argument that there was no proof that Delatorre committed the burglary, stating, "there is proof that a burglary was committed and, as discussed above, substantial evidence could support an inference that Delatorre was a perpetrator, *see id.*

**Alternately, the panel held, any error in delivering CALCRIM 401 on aiding and abetting was harmless because the evidence "strong supported a jury finding that defendant was the actual burglar",** including his admission of his involvement to Delatorre and Abieselom, *id.* at \*5. "The aiding and abetting was an alternative theory of liability that the jury was free to reject as not being applicable" and there was no reasonable probability that the jury convicted petitioner solely on an unsupported alternative theory, *id.* Lastly, the panel rejected the argument that the aiding-and-abetting instruction led the jury to believe that it could disregard CALCRIM 335, which advised them to view accomplice testimony with caution, *id.* The state supreme court summarily denied the ensuing petition for review without comment or citation to authority.

**In Ground 1, petitioner claims that his trial attorney rendered ineffective assistance of counsel by failing to request a jury instruction that they could not consider Delatorre's guilty plea as substantive evidence of petitioner's guilt.**  There is nothing to add to the Report's cogent analysis and its consequent recommendation to deny this claim for lack of merit.  The Court would note only that petitioner has not carried his burden of identifying some Supreme Court holding which the Court of Appeal violated in denying this claim.

**In Ground 2, petitioner claims that the evidence presented at trial was insufficient to support his conviction for first-degree Residential Burglary.**  Petitioner contends only that there was no evidence to corroborate the testimony of Delatorre and Abieselom, both of whom he characterizes as accomplices, *see* R&R at 7.  As the Magistrate notes (R&R at 11 n.4), petitioner does *not* contend that the evidence presented at trial was insufficient to support his conviction *if* the testimony of Abieselom and Delatorre are properly considered.

First the Magistrate correctly notes that if petitioner is claiming the state courts misapplied state law on accomplice testimony, that claim is not cognizable on federal habeas review.  *See* R&R at 10-11 (citing *Swarthout*, 131 S. Ct. at 861, and *Estelle*, 502 U.S. at 67-68); *see also Lisenba v. California*, 314 U.S. 219, 227, 62 S .Ct. 280 (1941) ("The Fourteenth Amendment does not forbid a state court to construe and apply its laws with respect to the evidence of an accomplice."); *Trujillo v. Diaz*, 2013 WL 4853225, *8 (E.D. Cal. Sept. 10, 2013) ("To the extent petitioner argues that accomplice instructions were incorrect because [they] stated [that] the testimony of an accomplice requires supporting evidence, without specifying that only incriminatory testimony requires corroboration, such claim is not cognizable via section 2254.") (citing, *inter alia*, *US v. Augenblick*, 393 U.S. 348, 352, 89 S. Ct. 528 (1969) ("When we look at the requirements of procedural due process, the use of accomplice testimony is not catalogued with constitutional restrictions.")).  As another Ninth Circuit court put it when denying a section 2254 habeas petition recently,

> Given that uncorroborated testimony from an accomplice is permissible under [the U.S. Supreme Court's reading of] the U.S. Constitution, a State's decision to require or not require corroboration does not implicate federal constitutional protections; hence, necessarily the failure of a state trial court to comply with the state's corroboration requirement, or lack of a corroboration requirement, cannot implicate the federal constitution either.  Accordingly, Petitioner fails to demonstrate that the decision of the state court was 'contrary to, or involved an unreasonable application of, clearly established Federal law."

*James v. Lopez*, 2014 WL 197770, *9 (E.D. Cal. Jan. 16, 2014) (quoting 28 U.S.C. § 2254(d) and following *Lisenba*, 314 U.S. at 227, and *Augenblick*, 393 U.S. at 352). *See, e.g., Arana v. Grounds*, 2014 WL 106781, *10 (N.D. Cal. Jan. 10, 2014); *Ross v. Biter*, 2013 WL 6626834, *14 (C.D. Cal. Dec. 17, 2013) (King, C.J.) ("'[T]o the extent petitioner contends the prosecution failed to introduce evidence to corroborate Edwards's out-of-court statements, Petitioner has shown no entitlement to federal habeas relief. The United States Supreme Court has held that a state law corroboration requirement is not a rule included within the traditional requirements of due process.") (citing *Lisenba* and *Augenblick* and *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000) (California's corroboration rule is not required by the U.S. Constitution or by other federal law)); *Jones v. Uribe*, 2013 WL 6050381, *7 (C.D. Cal. Nov. 11, 2013) (Wu, J.) ("The Court finds no constitutional error with respect to the state courts' determination of the accomplice testimony issue. [T]he issue of corroborating an alleged accomplice is a matter of state statutory law that raises no federal question. The failure to give the requested instruction here cannot, on its own, violate the federal Constitution.").

**Second, the Magistrate states, "[h]is claim fares no better under federal law, which holds that the uncorroborated testimony of an accomplice is sufficient to sustain a conviction, unless such testimony is 'incredible or insubstantial on its face.'"** R&R at 11. For this proposition, however, he cites only Circuit decisions. He concludes by stating, "Delatorre's testimony was neither incredible nor insubstantial" but rather "consistent with nearly all of the other evidence in the record. Therefore, the jury properly considered Delatorre's testimony and her pre-trial statements, and this evidence was sufficient to sustain the jury's verdict." R&R at 11 (n.4 omitted). **By using Circuit precedent to supply the legal standard,** "the Report effectively measures the California state courts' compliance with Ninth Circuit holdings, proceeding on the premise that noncompliance with those holdings could furnish a basis for federal habeas relief. Such use of circuit precedent is not permitted in a § 2254 habeas case, particularly after the Supreme Court's issuance of *Marshall v. Rodgers* . . . 133 S. Ct. 1446 [,]" *reh'g denied*, 133 S. Ct. 2408 (2013). *See Acklin v. Lewis*, 2013 WL 5175505, *1 (C.D. Cal. Sept. 11, 2013). "There, the Supreme Court held that a federal habeas court's permissible use of circuit precedent is very limited: it may 'look to circuit precedent to ascertain whether [the Circuit] has already held that the particular point in issue is clearly established by Supreme Court precedent . . .'" *Id.* (citing *Marshall*, 133 S. Ct. at 1450-51). By contrast, a federal court in a § 2254 case "may not canvass the decisions of circuit

decisions to determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to this Court, be accepted as correct." *Marshall*, 133 S. Ct. at 1450-51.

"For state prisoners who seek federal habeas relief pursuant to 28 U.S.C. § 2254, AEDPA requires them to show that a state court violated 'clearly established Federal law', defined for that purpose as only the holdings (as opposed to dicta) of the United States Supreme Court at the time of the relevant [state-court] decision." *US v. Sayre*, 2013 WL 3872172, *10 (C.D. Cal. Apr. 30, 2013) (citing *Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495 (2000) and *Carey v. Musladin*, 549 U.S. 70, 74, 127 S. Ct. 649 (2006)).[1] "'Only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied' for a state-court decision to survive AEDPA review." *Sayre*, 2013 WL 3872172 at *10 (quoting *Moses v. Payne*, 555 F.3d 742, 759 (9th Cir. 2009)). **Accordingly, this Court declines to adopt the Report page 11 lines 2 through 12.** The sole basis for this Court's refusal to disturb the Court of Appeal's rejection of this insufficient-evidence claim is this: petitioner has not identified any Supreme Court decision holding that the uncorroborated testimony of an accomplice (Delatorre) is *never* sufficient to support a conviction, or that the uncorroborated testimony of an accomplice is not sufficient to support the conviction on its own on a record similar to the record in his case.

**In Ground 3 , petitioner claims that the trial court violated his due process right to a fair trial by delivering an erroneous, misleading instruction on aiding and abetting (CALCRIM 401).** Preliminarily, the Magistrate is right that federal habeas relief is not available based upon a mere showing that a jury instruction violated state law, but only if there was a reasonable likelihood that the jury applied the instruction in a way that relieved the prosecution of its burden of proof beyond a reasonable doubt or otherwise deprived him of a fair trial. *See* R&R at 16-17 (citing, *inter alia*, *Waddington*, 555 U.S. at 190-91, and *Estelle*, 502 U.S. at 72, respectively); *see, e.g., Christopher v. Hoshino*, 2013 WL 6589551, *5-*6 (C.D. Cal. Dec. 12, 2013).

---

[1]

*See Parker v. Mathews*, – U.S. –, 132 S. Ct. 2148 (2012) (Circuit erred in consulting its own precedent in analyzing § 2254 claim of prosecutorial misconduct). *Accord Jimenez v. Walker*, 458 F.3d 130, 146 (2d Cir. 2006); *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010); *Grant v. Trammell*, 727 F.3d 1006, 1020 (10th Cir. 2013) ("[W]e can only fault [state court] for failing to abide Supreme Court precedent, not our own.").

It was petitioner's burden to show the challenged instruction "by itself so infected the entire trial that the resulting conviction violates due process", R&R at 17 (quoting *Estelle*, 502 U.S. at 72); *see also Middleton v. McNeil*, 541 U.S. 433, 437, 124 S. Ct. 1830, 1832 (2004), and petitioner failed to carry that burden. In the R&R at 17-19, the Magistrate rightly adopts the Court of Appeal's reasoning on this score: CALCRIM 401 was supported by evidence from which a rational jury could have found Delatorre was the perpetrator and petitioner the aider and abetter, i.e., Abieselom testified that she heard petitioner and Delatorre planning to burglarize Gonzales (victim Matus's neighbor), there was a close association between petitioner and Delatorre including common motive and opportunity, and Delatorre was found in possession of the purse and Matus's wallet.

**Finally, the Magistrate (R&R at 18-19) rightly adopts the Court of Appeal's reasoning that any error in delivering CALCRIM 401 (premised on the notion that petitioner could have been the aider and abettor rather than the principal on this record) was harmless** because there was no reasonable probability that the jury found petitioner guilty solely on the basis of a putatively unsupported theory. **The Court makes one correction to the Magistrate's analysis of this** claim. The Magistrate's penultimate assertion is that "*[b]ecause the instruction was proper under state law*, petitioner cannot demonstrate that it deprived him of due process." R&R at 19-20 (italics added). But the Report cites no authority, let alone Supreme Court authority, for the proposition that a jury instruction can never violate a criminal defendant's federal due process rights if the instruction complied with state law. *See Liggins v. Burger*, 422 F.3d 642, 651 (8th Cir. 2005) ("An instruction correctly setting forth state law does not, however, necessarily satisfy due process concerns.") (citing *Louisell v. Director of Iowa Dep't of Corrections*, 178 F.3d 1019, 1022 (8th Cir. 1999)).

On the contrary, the Supreme Court has held that criminal defendants' federal due process rights prohibited the enforcement of a state law which excluded alibi evidence unless the defendant gave pretrial notice to the prosecution of the basic facts of the defense but placed no reciprocal duty on the prosecution to disclose the state's alibi evidence. *See Wardius v. Oregon*, 412 U.S. 470, 93 S. Ct. 2208 (1973). Similarly, the Supreme Court has held that defendants' federal due process rights prohibited the enforcement of a state law which precluded principals, accomplices, or accessories in the same charged crime from being witnesses for each other but permitted them to testify for the prosecution. *See Washington v. Texas*, 388 U.S. 14, 22, 87 S. Ct. 1920 (1967). **Accordingly, the Court declines to adopt the sentence erroneously equating compliance with state law with satisfaction of federal due process, which begins on R&R 19 line 28 and ends on 20 line 2.**

MINUTES FORM 90  Initials of Deputy Clerk ___jmb___
CIVIL - GEN

The Magistrate concludes the analysis by stating, "Notwithstanding his conclusory assertion to the contrary, nothing about the instruction lessened the prosecution's burden of proof." R&R at 20. This again sounds like a statement which might be appropriate on direct appeal, but is not appropriate on AEDPA collateral review of a state court's disposition of a federal constitutional claim. The question on AEDPA section 2254 collateral review is not whether the federal court holds that the jury instruction lessened the prosecution's burden of proof, but only whether the petitioner has carried his burden of identifying some U.S. Supreme Court holding which the state appellate court contradicted or unreasonably applied in determining that the instruction did not lessen the burden of proof. **Accordingly, the Court must decline to adopt R&R page 20 lines 2 through 4.**

### ORDER

The Court **DECLINES TO ADOPT these portions** of the Report and Recommendation [Doc # 19]:

– Page 11 lines 2 through 12
– Page 19 line 28 through Page 20 line 12
– Page 20 lines 2 through 4

The Report and Recommendation **[Doc # 19] is otherwise ADOPTED**.

The 28 U.S.C. § 2254 petition for a writ of habeas corpus **[Doc #01] is DENIED.**

The Court **DECLINES** to issue a certificate of appealability.

This is a final order, but it will not be appealable until and unless the petitioner obtains a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.

As required by Fed. R. Civ. 58(a)(1), final judgment will be entered by separate document.[2]

IT IS SO ORDERED.

---

[2]

*See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013). "To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims." *Daley v. USAO*, 538 F. App'x 142, 143 (3d Cir. 2013) (per curiam) (citing *LeBoon v. Lancaster Jewish Cmty. Ass'n*, 503 F.3d 217, 224 (3d Cir. 2007)). Conversely, "[a] combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription." *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008); *see, e.g., Daley*, 538 F. App'x at 143.